Triage, Inc., Petitioner *v.* Pennsylvania Public Utility Commission, Respondent. Brocal Corporation et al., Intervenors.

Argued June 11, 1982, before Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Joseph A. Meo,* with him *George Luskus* of *Marko-vitz, Luskus, Feinstein & Meo,* for petitioner.

*Eric A. Rohrbaugh,* Assistant Counsel, with him *Alfred N. Lowenstein,* Deputy Chief Counsel, and *Joseph J. Malatesta, Jr.,* Chief Counsel, for respondent.

*Gerald Gornish, Wolf, Block, Schorr and Solis-Cohen,* for intervenors, Brocal Corp., t/d/b/a Alert Medical Carriers and Alert Medical Transport.

*Raymond A. Thistle, Jr.,* for intervenor, Professional Paramedical Services, Inc.

*Michael A. Tier,* for intervenor, Medical Carriers, Inc.

OPINION BY JUDGE WILLIAMS, JR., September 30, 1982:

This is an appeal from a *sua sponte* determination by the Pennsylvania Public Utility Commission (Commission) that the application of Triage, Inc. (Triage) for carrier authority is beyond the scope of its statutory jurisdiction. We vacate and remand.

Triage applied for a Certificate of Public Convenience to transport handicapped, disabled, elderly, or wheelchair-bound persons "who require assistance for personal mobility to and from the vehicle," be-

tween points in the five-county area[1] and doctors' offices, clinics, hospitals, laboratories, or rehabilitation centers in these counties.

After hearings at which both the applicant and protestants participated, Administrative Law Judge Isador Kranzel recommended that the Commission approve the application. Without further proceedings or argument, the Commission issued an Order, adopted May 8, 1981, in which it applied *Chappell v. Pennsylvania Public Utility Commission,* 57 Pa. Commonwealth Ct. 17, 425 A.2d 873 (1981) to the facts of the Triage application, holding that it has no jurisdiction to regulate such transportation. It concluded that the exemption of Section 102(9) of the Public Utility Code, 66 Pa. C. S. §102(9) controls. Under that section:

> Any person or corporation who or which furnishes transportation for any injured, ill, or dead person

is exempt from Commission regulation.

Triage appealed that determination to this Court, raising as the sole issue for our review, whether the Commission holds jurisdiction over applications for certificates of public convenience of the type it requests. Since that question does not address any problems relative to a possible violation of constitutional rights, or the formulation of findings unsupported by the record, we will here determine, within our limited scope of review, whether the Commission accurately applied existing law to this case. *West Penn Power Co. v. Pennsylvania Public Utility Commission,* 57 Pa. Commonwealth Ct. 148, 422 A.2d 230 (1980).

The ultimate question we face is whether the liberal construction of the exemption stated in *Chap-*

---

[1] Philadelphia, Delaware, Chester, Montgomery and Bucks Counties.

*pell* requires that a carrier be included in the exemption if it admits within the ambit of its business the potential transportation of non-acutely injured or ill persons, *as well as* those not so afflicted, but nevertheless suffering from a physical impairment which causes a diminution of mobility.[2] We cannot so hold.

In *Chappell* we determined that an ambulance service which transports "non-ambulatory patients to and from various medical facilities," absent concomitant taxi service, transportation of ambulatory persons, or transportation for non-medical purposes, falls within the Section 102(9) exemption. 57 Pa. Commonwealth Ct. at 23, 425 A.2d at 876. A careful examination of Triage's application reveals, however, that it does not match *Chappell* in two key particulars: (1) it is intended to be a taxi service, not an ambulance service, and (2) it does intend to transport ambulatory individuals.

An ambulance is unique among passenger-carrying vehicles, in that it is characterized in the Vehicle Code, 75 Pa. C. S. §§101-8122, as an emergency vehicle,[3] and enjoys certain privileges[4] relative to that status. Although it has non-emergency capacity, its customary and most frequent use occurs during situations involving emergencies or medical crises, the majority of which are individual and not planned in advance. The Certificate of Public Convenience Triage has requested specifies that the service it intends to provide will not be available for individual use, and must be requested at least a day in advance.

---

[2] As this Court noted in *Chappell*, we do not perceive that the legislature intended the exemption of Section 102(9) to be applied across the board to any transportation of any disabled person to any destination.

[3] 75 Pa. C. S. §102.

[4] 75 Pa. C. S. §§3105, 4571, and 4572.

We therefore opine that the application of *Chappell* is more limited than the Commission has determined, and that neither it nor the Section 102(9) exemption apply to services such as that which Triage desires to offer. The order dismissing the Triage application is hereby vacated, and the case is remanded to the Commission for further proceedings.

ORDER

AND NOW, this 30th day of September, 1982, the Order of the Pennsylvania Public Utility Commission, adopted May 8, 1981, entered to Docket No. A-00101899 is hereby vacated, and the case is remanded to the Commission for further proceedings not inconsistent with this Opinion.